IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL SAAD BIN HABIB MASOUD, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| WARDEN, IAH SECURE ADULT | § | CIVIL ACTION NO. 9:26-CV-00333 |
| DETENTION FACILITY; BRET BRADFORD, | § | JUDGE MICHAEL J. TRUNCALE |
| FIELD OFFICE DIRECTOR OF THE | § | |
| HOUSTON IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; TODD M. LYONS, | § | |
| DIRECTOR OF U.S. IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT; MARKWAYNE | § | |
| MULLIN, SECRETARY OF THE U.S. | § | |
| DEPARTMENT OF HOMELAND SECURITY; | § | |
| TODD BLANCHE, ATTORNEY GENERAL OF | § | |
| THE UNITED STATES | § | |
| | § | |
| *Respondents*. | § | |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Michael Saad Bin Habib Masoud ("Habib Masoud")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Michael Saad Bin Habib Masoud is an Egyptian national. [Dkt. 1 at ¶ 11]. On April 25, 2026, United States Immigration and Customs Enforcement ("ICE") detained Habib Masoud. *Id.* at ¶ 17.

On May 12, 2026, Habib Masoud brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

1

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Habib Masoud argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Habib Masoud were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habib Masoud's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Habib Masoud's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Habib Masoud's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Habib Masoud's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Habib Masoud's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Habib Masoud's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Habib Masoud to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Habib Masoud's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

Michael J. Truncale
United States District Judge

3